Battle, J.
 

 The order from which the appeal was taken is, in our opinion^ erroneous. The injunction was granted improvidently, and ought, therefore, to have been dissolved upon the motion of the defendants. The plaintiffs took a deed for the land in question, which described it by metes and bounds, and she relied upon the covenant of warranty for the security of the title. She alleges, indeed, that there is a defect in the title to a part of the land, but does not pretend to state that the.covenant for qpiet enjoyment has been broken by her eviction from it by a person claiming under a paramount title. She lias also failed to state that the defend ants are not able to make good any damage which she may sustain in the event of her eviction.
 

 From all that appears, then, she has a complete and full remedy at law for any and every wrong which which she is likely to sustain, by reason of the breach of the covenant contained in. the deed, of the defendants’ intestate and she had, therefore, no cause-for coming into this- Court for relief. See
 
 Merrit
 
 v. Hunt, 4 Ire. Eq. 406.
 

 The- order to continue the injunction must be^ dissolved, and this opinion must be-duly certified*.to> the Court below as the law directs.
 

 Pee CubiaM.. Decree below, reversed.